UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TASHEONA WILLIAMS,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

Case No. 2:17-02221-JCM-PAL

**ORDER**

(Mot. Ext. Time – ECF No. 5; Request Dup. Audio & Exs. – ECF No. 6)

This matter is before the court on Plaintiff Tasheona Williams' Motion to Extend Time to File Amended Complaint (ECF No. 5) and Request for Duplicate Audio Recording of the Original Hearing and Exhibits (ECF No. 6). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Ms. William's motion requests additional time to comply with the court's Screening Order (ECF No. 3), which dismissed her original complaint and gave her until September 27, 2017, to file an amended complaint that corrects the noted deficiencies. She has obtained the assistance of a paralegal to help her draft the amended complaint. The court will grant the motion and allow Williams until **November 13, 2017**, to file her amended complaint.

With regard to Williams' second request, she asserts that she needs access to the exhibits the administrative law judge ("ALJ") used to support his decision and a duplicate audio recording of the hearing to file an amended complaint that properly delineates which portions of the decision are not supported by substantial evidence. This suggests that Williams may be confusing her amended complaint with her motion for reversal and/or remand, which will be submitted at a later stage of this case. Williams's amended complaint only needs to provide a short and plain statement of her claim showing that she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The amended complaint should state when and how a plaintiff exhausted her administrative remedies with the

- 1 -

Social Security Administration ("SSA") and the nature of her disability, including when she claims she became disabled. The amended complaint should also contain a short and concise statement identifying the nature of Williams's disagreement with the SSA's decision and show that she is entitled to relief. Although this showing need not be made in great detail, it must provide sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015).

The Clerk of the Court will be instructed to mail Ms. Williams a blank form complaint for review of social security decision.[1] This form was created to assist individuals who represent themselves in submitting a sufficient pleading. Although a form complaint cannot cover every type of social security case, it does highlight certain information that is useful to the court for screening purposes and may aid Ms. Williams in stating a colorable claim.

Williams's request is also premature. The court's standard practice in cases reviewing a SSA decision is to enter a screening order evaluating the claims alleged in the complaint (or amended complaint). If the pleading states an actionable claim, the court directs issuance of summons and service. Once service is completed and the Commissioner files an answer, the court enters a scheduling order. The scheduling order requires the Commissioner to file a certified copy of the administrative record with the court under seal. The Commissioner also provides the plaintiff with a certified copy of the administrative record, which contains a full and accurate transcript of the entire record of proceedings related to the case, including any exhibits relied upon by the ALJ in the decision, and a transcript of the hearing. Thus, Ms. Williams will receive the information she seeks in the ordinary course if she is able to state a claim, shortly after a scheduling order is entered.

In addition, the scheduling order provides deadlines for the parties to brief a motion for reversal and/or remand and outlines certain requirements for the motion. The court decides an appeal of a decision denying benefits based on the parties' briefs and the administrative record.

---

[1] The Complaint for Review of Social Security Decision, Pro Se Form 13, is also available for download on the United States Courts' website at uscourts.gov/forms/pro-se-forms/complaint-review-social-security-decision.

Thus, Williams's briefs will be her opportunity to make detailed arguments about which portions of the ALJ's decision are not supported by substantial evidence. Ms. Williams' request is denied.

Accordingly,

**IT IS ORDERED:**

1. The Motion to Extend Time to File Amended Complaint (ECF No. 5) is **GRANTED**.
2. Request for Duplicate Audio Recording of the Original Hearing and Exhibits Listed in Support of the Decision (ECF No. 6) is **DENIED**.
3. The Clerk of the Court shall MAIL Ms. Williams: (i) one blank form Complaint for Review of Social Security Decision, Pro Se Form 13; (ii) a copy of the original Complaint (ECF No. 4); (iii) a copy of the Screening Order (ECF No. 3); and (iv) a copy of this Order.
4. Ms. Williams shall have until **November 13, 2017**, to file an amended complaint, if she believes she can correct the deficiencies explained in the Screening Order (ECF No. 3).
5. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.
6. Ms. Williams shall clearly title the amended complaint as such by writing the words "FIRST AMENDED" immediately above "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" and write 2:17-cv-02221-JCM-PAL in the space for "Case No."
7. Ms. Williams's failure to comply with this Order by submitting an amended complaint before the **November 13, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 23rd day of October, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE