UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TASHEONA WILLIAMS,<br><br>                       Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                       Defendant. | Case No. 2:17-cv-02221-JCM-PAL<br><br>**SCREENING ORDER**<br><br>(Am. Compl. – ECF No. 8) |

This matter involves Plaintiff Tasheona Williams' appeal and request for judicial review of the Acting Commissioner of Social Security, Defendant Nancy A. Berryhill's final decision denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–33, and claim for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–83. Ms. Williams has submitted an Amended Complaint (ECF No. 8) in accordance with the court's Order (ECF No. 7) extending the deadline to file the amended pleading. The Amended Complaint is referred to the undersigned for re-screening pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.    RE-SCREENING THE AMENDED COMPLAINT**

After granting a request to proceed *in forma pauperis* ("IFP"), a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e) applies to all IFP complaints). Here, Ms. Williams challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and supplemental security income under Titles II and XVI of the Act. *See* Am. Compl. (ECF No. 8) ¶ II. The court will review the Amended Complaint.

**A.    Exhaustion of Administrative Remedies and Timing of Appeal**

Before a plaintiff can sue the SSA in federal court, she must have exhausted her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, she can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. 42 U.S.C. § 405(g); 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. If a claimant does not file a civil action within the prescribed time frame, the claimant loses the right to judicial review. 20 C.F.R. § 404.900(b).

In this case, Ms. Williams filed her IFP application (ECF No. 1) and original complaint (ECF No. 1-1) on August 21, 2017. In dismissing the original complaint for various pleading deficiencies, the court noted that it was unable to determine whether she had timely commenced this action because the complaint did not state whether she requested review by the Appeals Council or whether the Appeals Council denied such request. *See* Aug. 25, 2017 Screening Order (ECF No. 3) at 3. Ms. Williams now alleges the Appeals Council denied her request for review on February 2, 2017. Am. Compl. (ECF No. 8) ¶ 2 n.1; *see also* Notice of Appeals Council Action (ECF No. 8-1) at 22. Thus, it appears she has exhausted her administrative remedies, but she did not timely commence this action within 65 days. For her complaint to be timely, Williams needed to file it by April 8, 2017, which was 65 days after she received notice of the Appeals Council's decision. The complaint was filed more than four months later in August 2017. Ms. Williams

asserts the original complaint was timely filed but was dismissed without prejudice to file an amended complaint. Am. Compl. ¶ 2 n.1. The court then granted an extension of time to file the amended complaint by November 13, 2017. *Id.*

The 60-day time limitation provided in § 405(g) may be extended by either: (a) the Commissioner pursuant to 20 C.F.R. §§ 404.1482 or 404.1411; or (b) the courts applying equitable tolling principles. *See Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). The 60-day filing requirement provided for in 42 U.S.C. § 405(g) is treated as a statute of limitations period, is not jurisdictional, and is subject to equitable tolling. *Bowen*, 476 U.S. at 479.

Ms. Williams has not alleged that she requested or received an extension of time from the Commissioner to file a civil action in federal court. The order dismissing the original complaint without prejudice did not extend the 65-day statutory deadline. *See* Screening Order (ECF No. 3). That order was entered well after the 65-day deadline had expired, although the court was unaware at that time because the complaint did not state that the Appeals Council denied Ms. Williams' request for review on February 2, 2017. The court gave her until September 27, 2017, to correct the noted deficiencies and file an amended complaint. The deadline was extended into mid-November at Williams's request. *See* Order (ECF No. 7). Because the 60-day limitations period is not a jurisdictional bar, the court will screen the Amended Complaint. However, this screening for the purposes of § 1915 is not a finding that the action was timely commenced or that equitable tolling applies.

**B.      Grounds for Ms. Williams' Appeal**

The Amended Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b)

/ / /

whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Upon review of the original complaint, the court determined that Ms. Williams failed to state a claim upon which relief can be granted. *See* Screening Order (ECF No. 3). Williams alleged that she has been mentally disabled since 1997, and physically disabled since 2012 or 2013. However, an administrative law judge ("ALJ") held that her impairments were not severe and denied her benefits claim. She asserted that her case was not handled nor reviewed properly. The court found that Ms. Williams' complaint merely alleged that the ALJ's decision to deny benefits was wrong but failed to indicate *why* the decision was wrong. *Id.*

The Amended Complaint (ECF No. 8) alleges that the medical record does not support the ALJ's finding that Williams can perform light work but instead is based upon misinterpretations and mischaracterizations of the medical evidence. *Id*. 2 ¶ 2. Ms. Williams alleges the ALJ made numerous reversible errors, including: making improper credibility findings, failing to consider or properly assess SSA regulatory factors for evaluating subjective complaints, failing to present complete hypotheticals to the vocational expert, failing to fully develop the medical record and seek additional medical evidence. Ms. Williams also contends that the Commissioner failed to establish there were sufficient jobs in the economy for Williams to perform because the vocational expert's testimony was in conflict with the Dictionary of Occupational Titles. *Id*. 3 ¶ 5.

The Amended Complaint contains sufficient allegations of underlying facts to give the Defendant fair notice of Ms. Williams's disagreement with the SSA's final determination. The court therefore finds that her Amended Complaint states a claim for initial screening purposes.

Accordingly,

**IT IS ORDERED**:

1. The Clerk of Court shall ISSUE SUMMONS to the United States Attorney for the District of Nevada and deliver the summons and Amended Complaint (ECF No. 8) to the U.S. Marshal for service.

2. The Clerk of the Court shall also ISSUE SUMMONS to the Commissioner of the Social Security Administration and Attorney General of the United States.

3. The Clerk of the Court shall SEND BY CERTIFIED MAIL a copy of the summons and Amended Complaint to the Commissioner of the Social Security Administration at: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

4. Following the Defendant's filing of an answer, the court will issue a scheduling order setting a briefing schedule.

5. From this point forward, Ms. Williams shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document filed with the Clerk of the Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate of service.

Dated this 27th day of November, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE