UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TASHEONA WILLIAMS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 2:17-02221-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot. Dismiss – ECF No. 16) |

This matter involves Plaintiff Tasheona Williams' appeal and request for judicial review of the final decision by Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security (the "Commissioner"), denying Williams' claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, and claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83. Ms. Williams is proceeding in this social security appeal *pro se* and *in forma pauperis*. Screening Order (ECF No. 3).

Before the court is the Commissioner's Motion to Dismiss (ECF No. 18). This motion is referred to the undersigned magistrate judge to prepare a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. The court has considered the Commissioner's motion, Williams' Response (ECF No. 18), and the Reply (ECF No. 19). For the reasons explained, the court recommends the motion be granted.

## BACKGROUND

I. **RELEVANT PROCEDURAL FACTS**

The following procedural facts are undisputed. On January 13, 2016, an administrative law judge ("ALJ") issued a decision finding Williams not disabled. Mot. Ex. 1 (ECF No. 16-1). Ms. Williams requested review of the decision by the Appeals Council, but the ALJ's decision

became final when the Appeals Council denied review. Mot. Ex. 2, Notice of Appeals Council Action. The Appeals Council informed Williams that she had "60 days to file a civil action (ask for court review)." *Id*. "The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id*. The letter is dated February 2, 2017, and therefore her deadline to file a civil action was April 9, 2017.

On March 3, 2017, Williams timely requested an extension of time to file a civil action from the Appeals Council. In a letter dated July 10, 2017, the Appeals Council granted her a 30-day extension. Mot. Ex. 3 (the "Notice"). The Notice states:

> The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> **If You Have Any Questions**
>
> If you have any questions, you may call, write, or visit any Social Security Office.

*Id*. The extension and time for mailing explained in the Notice, extended the time for Williams to file her complaint for judicial review to August 14, 2017. The Notice extended the original April deadline by more than four months.

Ms. Williams commenced this case on August 21, 2017, by filing an IFP application (ECF No. 1) and proposed complaint. The court reviewed the complaint and determined that it failed to state a claim upon which relief could be granted. *See* Aug. 25, 2017 Screening Order (ECF No. 3). Williams alleged that her case was not handled nor reviewed properly. The court found that the complaint merely alleged the ALJ's decision to deny benefits was wrong but failed to indicate *why* it was wrong. The court dismissed the complaint based on this pleading deficiency but granted her leave to amend by September 27, 2017. The court also noted it was unable to determine whether Ms. Williams had timely commenced this action because the complaint did not state whether she requested review by the Appeals Council.

Williams timely requested an extension from the court to file her amended pleading. Sept. 19, 2017 Mot. Extend Time (ECF No. 5). The court granted her request and extended the deadline to amend until November 13, 2017. Order (ECF No. 7).

Ms. Williams filed an Amended Complaint (ECF No. 8) on November 13, 2017. The amended pleading asserts that the original complaint was "filed timely, but was dismissed without prejudice" to allow her to file an amended complaint. Am. Compl. ¶ 2 n.1. The court screened the amended complaint and found that Williams exhausted her administrative remedies but did not timely file this action:

> Ms. Williams has not alleged that she requested or received an extension of time from the Commissioner to file a civil action in federal court. The order dismissing the original complaint without prejudice did not extend the 65-day statutory deadline. *See* Screening Order (ECF No. 3). That order was entered well after the 65-day deadline had expired, although the court was unaware at that time because the complaint did not state that the Appeals Council denied Ms. Williams' request for review on February 2, 2017. The court gave her until September 27, 2017, to correct the noted deficiencies and file an amended complaint. The deadline was extended into mid-November at Williams's request. *See* Order (ECF No. 7). Because the 60-day limitations period is not a jurisdictional bar, the court will screen the Amended Complaint. However, this screening for the purposes of § 1915 is not a finding that the action was timely commenced or that equitable tolling applies.

Nov. 28, 2017 Screening Order (ECF No. 9). Despite the timing issue, the court determined that Williams' amended complaint cured the pleading deficiency and stated a claim for initial screening purposes. The court therefore directed the Clerk of Court to issue summons to the Commissioner.

Following service of the amended complaint, the Commissioner filed the current motion.

## II. THE PARTIES' POSITIONS

The Commissioner's motion argues that Ms. Williams was required to file a civil action on or before August 14, 2017, based on the extension granted in the Notice. She did not file this lawsuit until August 21, 2017, seven days after the deadline. Because this action was not timely commenced, judicial review is time-barred. In addition, no special circumstances justify tolling the statute of limitations. In support of the motion, the Commissioner attaches the declaration of Nancy Chung, Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations. Mot. Exs. (ECF No. 16-1), Chung Decl.

In her Opposition (ECF No. 18), Ms. Williams acknowledges that this action was not timely filed. However, she argues she received the Notice by mail long after the five days presumed under the regulations, and she has good cause for the minor delay in filing her complaint. She has intended to pursue her appellate rights at all times after the ALJ's adverse decision. *Id.*

at 7, Pl's Decl. ¶ 1. Williams states that her grandmother died in May 2017. *Id.* at 8, ¶ 6. Williams' grandmother bought Williams a ticket to fly to Chicago, Illinois, on June 10, 2017, but her grandmother passed away prior to the scheduled visit. *Id.* ¶ 8. The family delayed the memorial service until June to allow Williams to attend. *Id.* ¶ 9. She claims she returned home and received the Notice on July 31, 2017. *Id.* ¶¶ 4–5, 10–11.

Ms. Williams recognizes that the Notice is dated July 10, 2017. *Id.* at 7, ¶ 2. However, she states that, when she read the Notice on July 31, 2017, "I assumed I had 30 days to file my complaint." *Id.* at 8, ¶ 11. Citing 20 C.F.R. § 404.911(a)(2), she alleges she "was misled by the Notice." *Id.* at 8 n.5. As a result of her misunderstanding, Williams believed she had until August 31, 2017, to file her complaint, and therefore filed on August 21. *Id.* ¶ 12.

Ms. Williams further asserts she has "good cause to extend the statute of limitations meeting the stringent requirements under the doctrine of equitable estoppel." Opp'n at 3. Williams claims she has good cause for her "filing delay of 7 days," despite her failure to seek an additional extension of time from the Appeals Council, because she always thought her filing was timely and she did not receive the Notice until July 31, 2017. She asserts she has significant physical, mental, and emotional limitations that prevented her from fully understanding the Notice, including an inability to concentrate. *Id.* at 10, Pl's Decl. ¶ 23. This is "the likely reason I may have misunderstood the actual notice I received and its time requirements." *Id.*

Williams avers she has experienced multiple extraordinary circumstances that justify equitable tolling and excuse her late filing. She is a single mother of a 16-year old daughter. *Id.* at 9, ¶ 16. Her grandmother's unpredictable death took her and her daughter away from home for over a month. Opp'n at 5. There was no one available to monitor her mail. *Id.* at 9, Pl's Decl. ¶ 18. Williams' food stamp and medical assistance were suspended while she was in Chicago, which upon her return required her to spend "more than half a day" using public transportation to go to the welfare office and reactivate her food stamp eligibility. *Id.* ¶¶ 19–20. Williams contacted numerous lawyers seeking assistance, but her efforts failed. *Id.* at 8–9, ¶¶ 13–14. Despite significant limitations affecting her ability to concentrate, she researched how to file a complaint. *Id.* at 9, ¶¶ 14–15. Williams maintains she used her "best efforts" to comply with the Notice while

juggling her "obligations as a parent" and "need for benefits and medical assistance." *Id*. at 10, ¶ 22. She argues she has demonstrated diligence "at all stages of this proceeding," and therefore deserves the court's indulgence to excuse her late pro se filing. Opp'n at 5. Thus, she asks the court to deny the Commissioner's motion.

The Reply (ECF No. 19) points out that Ms. Williams concedes her complaint was not timely filed. She contends that "good cause" and/or equitable tolling excuses the late filing. However, the Commissioner asserts that Williams has not shown that "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Reply at 3. The Commissioner notes that the "good cause" standard stated in 20 C.F.R. § 404.911 does not apply to the court's determination of whether to equitably toll the statute of limitations. The good cause standard applies to the Commissioner's decision whether to extend the time to file a civil action for judicial review. Williams had the opportunity but did not request a second extension from the Commissioner to file her complaint in a timely manner. Therefore, these circumstances are not persuasive in explaining why she failed to file a second extension request with the Commissioner.

With regard to Williams' assertion that her mental and physical problems made her incapable of meeting the filing deadline, the Commissioner points out that her problems and medical conditions existed prior to her first request for extension of time from the Appeals Council. Although Williams' grandmother's death and the resulting travel were surely distressing, these circumstances do not explain why she failed to request a second extension from the Commissioner as she had previously done. Therefore, these circumstances are not persuasive. Williams has not demonstrated that her case is the "rare" action warranting the court's tolling of the statute of limitations. If the 60-day filing period were ignored for every claimant who was merely "close" to meeting the deadline because of personal circumstances not resulting from the agency's misconduct, then the exception would swallow the rule. Therefore, the court should not find that equitable tolling or equitable estoppel applies and grant the Commissioner's motion to dismiss.

/ / /

/ / /

**DISCUSSION**

I. **LEGAL STANDARDS**

   A. **Motion to Dismiss Standard**

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] the court may dismiss a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). For the purpose of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira*, 873 F.3d at 678 (citing *Iqbal*, 556 U.S. at 680; *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007)). A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

A plaintiff is not ordinarily required to "plead on the subject of an anticipated affirmative defense." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). However, a "statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation omitted). Where the expiration of the applicable

---

[1] Any reference to a "Rule" or "Rules" in this report of findings and recommendation refers to the Federal Rules of Civil Procedure.

statute of limitations is facially apparent, a claim may be dismissed as time-barred under Rule 12(b)(6). *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010); *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015) (motion to dismiss on statute of limitations grounds is evaluated "pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)").

### B. Timeliness of a Social Security Complaint

It is well-established that the United States is immune from suit without its consent. *See, e.g.*, *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). However, the Social Security Act provides a limited consent to be sued (*i.e.*, a waiver of sovereign immunity) to allow judicial review of the Commissioner's final decisions. *See* 42 U.S.C. § 405(g). The statute provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . *may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*….

42 U.S.C. § 405(g) (emphasis added). Thus, a claimant must file a civil action for judicial review within 60 days after receipt of the "mailing" of the notice of final decision by the Appeals Council. *Id.*; 20 C.F.R. § 405.501. The date of the "mailing" is defined as the date the claimant receives the notice, or five days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. §§ 416.1401, 422.210(c). A civil action filed within 65 days of the notice is presumed timely. *Id.* If a claimant does not file a civil action within the prescribed 60-day time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b).

Because the 60-day limitation stated in § 405(g) is "a condition on the waiver of sovereign immunity," it must be "strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). The Supreme Court has cautioned against frustrating the congressional goal, plainly evidenced in the Social Security Act, "to impose a 60-day limitation upon judicial review" and acknowledged a duty to respect Congress' determination to limit judicial review. *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (describing 60-day limit as a "a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims"). Accordingly, courts have dismissed

cases filed only days after the expiration of the statute of limitations. *Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (affirming dismissal of Social Security complaint filed two days late).[2]

The 60-day filing requirement is a statute of limitations, not a jurisdictional prerequisite. *Bowen*, 476 U.S. at 479 (holding that the 60-day limit may be waived). The 60-day limit may be extended by either: (a) the Commissioner pursuant to 20 C.F.R. §§ 404.1482 or 404.1411;[3] or (b) the courts applying equitable tolling principles. *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993) (citing *Bowen*, 476 U.S. at 479).

There is no exception to the 60-day requirement for pro se claimants. *Conley v. Bowen*, 781 F.2d 143, 145 (8th Cir. 1986). Approximately half of disability claimants are not represented by counsel before the Social Security Administration; thus, a holding that the lack of counsel is adequate grounds to toll the statute of limitations might generate a substantial number of new filings in federal court. Kubitschek, Carolyn A. & Dubin, Jon C., *Social Security Disability Law & Procedure in Federal Court* § 7:18 (Apr. 2018 update).

**C.  Equitable Tolling**

"The doctrine of equitable tolling is 'read into every federal statute of limitation'." *In re Milby*, 875 F.3d 1229, 1232 (9th Cir. 2017) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" preventing timely filing. *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Gibbs v. Legrand*, 767 F.3d 879, 884–85 (9th Cir. 2014).

---

[2] *See also Henderson v. Astrue*, 321 Fed. App'x 624 (9th Cir. Apr. 6, 2009) (unpublished) (upholding dismissal of *pro se* Social Security complaint filed nine days late); *Rodriguez v. Colvin*, 2016 WL 3196771, at *3 (E.D. Cal. June 9, 2016) (dismissing complaint filed four days late); *Edmond v. Colvin*, 2014 WL 4964309, at * 3 (C.D. Cal. Aug. 29, 2014) (dismissing complaint filed five months late and equitable tolling did not apply); *Nichols v. Astrue*, 3:11-cv-00124-LRH-VPC, 2012 WL 1068779, at *1 (D. Nev. Mar. 1, 2012), (recommending dismissal of complaint filed three days late and equitable tolling did not apply), *report and recommendation adopted*, 2012 WL 1068370 (D. Nev. Mar. 29, 2012); *O'Neill v. Heckler*, 579 F. Supp. 979, 981 (E.D. Pa. 1984) (granting motion to dismiss complaint filed one day late).

[3] The regulation governing the Commissioner's decision on a request for extension of time state that time "will be extended" upon a showing of "good cause." 20 C.F.R. § 416.1482. Once a civil action is filed in federal court, claimants are required to meet the standard for equitable tolling, the good cause standard no longer applies. *See, e.g.*, *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).

The Ninth Circuit does " 'not recognize run-of-the mill mistakes as grounds for equitable tolling'." *Okafor*, 846 F.3d at 340 (quoting *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015)); *Meyerzove v. Bowen*, 852 F.2d 1289 (9th Cir. 1988) (finding that "a mistake is not a ground for tolling a statute of limitations," affirming dismissal of social security complaint filed 30 days late). To find otherwise would lead to the equitable tolling of limitations periods for every person whose missed a deadline. *Okafor*, 846 F.3d at 340 (affirming district court's decision that plaintiff was not entitled to equitable tolling where the DEA received his forfeiture claim one day after the deadline expired due to a FedEx delivery delay). The court properly concludes that equitable tolling does not apply where there are no extraordinary or egregious circumstances. *Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (explaining that principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect"); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (noting that equitable tolling "is to be applied sparingly"); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

### D.  Equitable Estoppel

The doctrine of equitable estoppel is based on the principle that a party "should not be allowed to benefit from its own wrongdoing." *Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1004 (9th Cir. 2011). "The doctrine 'focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit'." *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000)).[4] A party asserting equitable estoppel against the government must establish: "(1) the government engaged in affirmative misconduct going beyond mere negligence; (2) the government's wrongful acts will cause a serious injustice; and (3) the public's interest will not suffer undue damage by imposition of estoppel." *Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011) (citations omitted); *see*

---

[4] The traditional elements of equitable estoppel (often referred to as "fraudulent concealment") are: (1) the party to be estopped has knowledge of the true facts; (2) he must intend to induce reliance or must so act that the party asserting the estoppel has a right to believe he so intended; (3) the relying party must be ignorant of the true facts; and (4) detrimental reliance. *Estate of Amaro*, 653 F.3d at 813 (citing *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991)).

*also United States v. Lynch*, 903 F.3d 1061, 1076 (9th Cir. 2018) ("mere failure to inform or assist" is insufficient to invoke equitable estoppel against the government).

In the context of judicial review under 42 U.S.C. § 405(g), the Commissioner may be equitably estopped only if (1) the Commissioner engaged in fraudulent concealment or other misconduct beyond mere negligence; (2) this misconduct prevented the claimant from filing within the 60-day limitations period; and (3) barring the claimant's suit would cause a serious injustice. *Garfield v. Astrue*, 2008 WL 5221095, at *4 (N.D. Cal. Dec. 12, 2008), *aff'd sub nom. Walter ex rel. Estate of Garfield v. Astrue*, 403 F. App'x 228 (9th Cir. 2010). The claimant bears the burden of showing that the Commissioner should be equitably estopped from asserting that judicial review is time-barred by the 60-day limitations period. *Id.*; *cf. Estate of Amaro*, 653 F.3d at 813.

**II.   ANALYSIS**

The court finds that Ms. Williams's amended complaint fails to state a claim upon which relief may be granted because her claim is time-barred by the statute of limitations under § 405(g).

It is undisputed that Williams filed her initial complaint after the 60-day limit had expired.[5] The Notice extended her original filing deadline by more than four months. On February 2, 2017, the Appeals Council informed her that she had "60 days to file a civil action." Mot. Ex. 2, Notice of Appeals Council Action. "The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id.* Ms. Williams timely requested an extension of time, and she was granted an additional 30 days in the Notice.

The July 10, 2017 Notice clearly advised Williams that she had 30 days to file a civil action. Mot. Ex. 3. In addition, Ms. Williams was informed that she was presumed to have received the Notice five days after mailing unless she made a showing to the contrary. *Id.* Therefore, the deadline for her to file a civil action in this court was August 14, 2017. Williams represents that she read the Notice on July 31, 2017. Thus, Williams had two weeks to either request a second extension from the Appeals Council or file her complaint. She did neither. Williams filed her federal complaint on August 21, 2017. She did not seek a second extension of time or attempt to

---

[5] Williams concedes "her filing was late," but she "always thought her filing was timely." Opp'n at 3 n.2.

show the Appeals Council that she did not receive the Notice by mail within five days after July 10, 2017. Ms. Williams did not meet the 60-day filing deadline mandated by § 405(g).

In addition, the Opposition does not rebut the five-day presumption for mailing. The Commissioner is entitled to a rebuttable presumption that a claimant received notice of decision by mail within five days after the date on the notice unless the claimant makes a "reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987). Bare allegations of mail delay are insufficient to overcome the presumption under the regulations. *See McCall v. Bowen*, 832 F.2d 862, 864–54 (5th Cir. 1987) (affidavits of plaintiff and counsel claiming they did not receive notice of decision by mail until over two months after it was dated were insufficient to rebut presumption).[6] Courts have generally found that the postal service caused mail delay in cases where a claimant rebutted the presumption.[7]

Ms. Williams supplied the court with two documents she asserts show she did not receive the Notice by mail until July 31, 2017. First, Williams attaches an August 16, 2017 letter addressed "to whom it may concern," purportedly written and signed by her social worker/case manager. ECF No. 18 at 12, Opp'n Ex. 1. The letter states that the social worker "conducted a mandatory home visit" at Williams' residence on July 22, 2017, and "client was out of town. She returned July 31st." The letter provides no details regarding *how* the social worker confirmed Williams was out of state or that she returned on July 31. It is not an affidavit or declaration signed under the penalty of perjury and does not establish the social worker had personal knowledge of the matters asserted. Second, Williams attached an itinerary for a round trip airline ticket from Las Vegas to Chicago for a flight departing Las Vegas to Chicago on June 10, 2017, and returning July 30, 2017,

---

[6] *See also Rivera v. Sec'y of Health & Human Servs.*, 39 F.3d 1188 (9th Cir. 1994) (unpublished) (holding that newspaper articles describing bad weather conditions did not provide evidence that such conditions actually caused a delay in mail service; thus, plaintiff's bare allegations of mail delay were insufficient to overcome the presumption under the regulations).

[7] *See, e.g.*, *Duran ex rel. Canfield v. Barnhart*, 2003 WL 22176011, at *2 (S.D.N.Y. Sept. 22, 2003) (presumption was rebutted because the notice was mailed "at Christmas time, notorious for late mail deliveries"); *Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1360 (S.D. Ala. 2002) (anthrax contamination of several key postal facilities that seriously impeded expeditious delivery of mail originating in Washington, D.C. area rebutted presumption); *Lee v. Barnhart*, 2002 WL 1034711, at *1 (D. Mass. May 22, 2002) (same).

arriving in Las Vegas on July 31, 2017. ECF No. 18 at 13, Opp'n Ex. 2. However, it is an itinerary for a flight booked, not a ticket, and Williams' name is not listed anywhere on the itinerary.

The Commissioner submits evidence that Ms. Williams was mailed Notice and she should have promptly received that Notice. Mot. Ex. 3. Williams does not argue that a postal service problem prevented or delayed the delivery of the Notice to her home. Rather, the declaration explains that she was simply not home to read her mail, and there was no person to monitor her mail. Williams' declaration does not rebut the presumption.

Furthermore, the doctrines of equitable tolling and equitable estoppel do not apply here. None of the circumstances for equitable tolling of the 60-day limitations period are present in this case. The Notice expressly informed Williams of the 30-day extension and five-day presumption for mailing. Accepting her representation that she received the Notice on July 31, 2017, she still had two weeks before the August 14 filing deadline. Williams failed to contact the Appeals Council to seek a second extension. Ms. Williams points to no extraordinary or egregious circumstances that prevented her timely filing. *See Henderson v. Astrue*, 321 Fed. App'x 624 (9th Cir. Apr. 6, 2009) (equitable tolling was inapplicable for plaintiff's untimely social security complaint because he failed to show extraordinary or egregious circumstances); *Pereira v. Shalala*, 841 F. Supp. 323, 327 (C.D. Cal. 1993) (equitable tolling did not apply because, although agency's correspondence could have misled plaintiff, "it was not the *cause* of his late pursuit of his claim" and his late filing of the complaint was thus unjustified). Equitable tolling in this case would not be consistent with congressional intent. *See Bowen*, 476 U.S. at 479–80.

Ms. Williams has also not established grounds to equitably estop the Commissioner from asserting the statute of limitations defense. She has not alleged the Commissioner engaged in any misconduct at all. Nothing in the July 10, 2017 Notice is misleading. Williams' papers are articulate, her thoughts are organized, and she clearly understood the Commissioner's prior notices because she timely complied with their directives, including seeking the first extension of time.

Williams concedes she did not file this action within § 405(g)'s 60-day requirement. The court finds that no grounds exist for equitable tolling or equitable estoppel, and therefore recommends that the Commissioner's motion to dismiss be granted.

For the reasons explained,

**IT IS RECOMMENDED:**

1. The Commissioner's Motion to Dismiss (ECF No. 16) be **GRANTED**.

2. The Clerk of Court be instructed to enter judgment accordingly and close this case.

Dated this 8th day of November 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. See Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. See also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. See *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.